UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL A. COOK,

    Plaintiff,

v.

Case Number 1:18-cv-10042
Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT
OF CORRECTIONS,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S REQUEST
FOR APPOINTMENT OF COUNSEL
AND SUMMARILY DISMISSING THE COMPLAINT**

Plaintiff Michael A. Cook, a state prisoner at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for declaratory judgment and a request for appointment of counsel. The only named defendant is the Michigan Department of Corrections, which is immune from suit. Accordingly, the Court will dismiss Plaintiff's complaint and deny his motion for appointment of counsel.

**I.**

The complaint contains allegations concerning a number of incidents that occurred during Plaintiff's incarceration in recent years. Specifically, Plaintiff alleges that,

    • in mid-July 2016, a correctional officer allowed another prisoner to enter Plaintiff's room and punch Plaintiff about nine times; Plaintiff's face was cut, and his head was slammed into the wall; *see* Compl., p.2;

    • in September 2016, an inmate assaulted Plaintiff with a padlock, and Plaintiff received inadequate medical attention; *see id.*, p. 1;

• On September 8, 2016, Correctional Officer Hall grabbed Plaintiff's buttock during a "pat down, and Plaintiff was forced to dismiss his subsequent grievance about the incident;" *see id.*;

• on or about December 24, 2016, Correctional Officer Hall "tore up" Plaintiff's room while pretending to search the room and then grabbed Plaintiff's buttocks during a search of Plaintiff; *see id.*;

• on February 8, 2017, Plaintiff slipped and fell on an unsalted walkway in front of the educational building; he suffered several injuries, including damage to his hip, bones, spine, and shoulder; despite the excruciating pain, he received essentially no medical care; *see id.*, p. 2;

• finally, in January or February (of 2018, presumably), another prisoner punched Plaintiff in the head several times while Plaintiff was eating his lunch. The nurses made little effort to assess the extent of Plaintiff's injury, and, since then, he has experienced pain in his neck, head, and spine, along with blurred vision. *See id.*, p. 1.

Plaintiff now seeks $900,000,000 in money damages for his pain and suffering. He also seeks a declaratory judgment and immediate release from prison.

## II.

Due to his indigence, the Court has granted Plaintiff permission to proceed without prepayment of the fees and costs for this action. Although Plaintiff has not cited any legal basis for his claims, the Court construes the complaint as being brought under 42 U.S.C. § 1983 for alleged violations of federal constitutional rights.

Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss "any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks

monetary relief from a defendant immune from such relief." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

To prevail on a claim under § 1983, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Plaintiff's claims lack facial plausibility because, as noted above, the only named defendant in this action is the Michigan Department of Corrections. The Eleventh Amendment to the United States Constitution bars suits in federal courts against a state or one of its agencies or departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or

its own citizens.' " *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).

"The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol Corp.*, 987 F.2d at 383 (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Consequently, the Michigan Department of Corrections is immune from suit here.

### III.

Plaintiff's complaint lacks an arguable basis in law and, therefore, is frivolous. The complaint also fails to state a plausible claim for relief.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's request for appointment of counsel is **DENIED** as moot.

**IT IS FURTHER ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 23, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager